Teresa HERNANDEZ DE ARELLANO, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73065.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2004.

Decided April 30, 2004.

David–Blake, Oceanside, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the

District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., Marion E. Guyton, Attorney, Luis E. Perez, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, and D.W. NELSON, and FERNANDEZ, Circuit Judges.

## MEMORANDUM *

Teresa Hernandez de Arellano petitions for review of the Board of Immigration Appeals' denial of her application for adjustment of status. *See* 8 U.S.C. § 1255(a). We grant the petition.

This unusual case developed at a time when the law, as declared by the BIA, was in a state of flux. As a result, in November 2001, when the Immigration Judge refused to delay proceedings so that the rather sluggish INS processes regarding I–130 petitions could catch up with the more sprightly processes of the Executive Office for Immigration Review, he did not, and could not, consider the effects of *In re Velarde–Pacheco*, 23 I. & N. Dec. 253 (2002) on his decision or upon the proceeding. That case was based on the realization by the BIA that the prior approach should be changed because it could "deprive a small class of respondents, who are otherwise prima facie eligible for adjustment, of the opportunity to have their adjustment applications reviewed by an Immigration Judge." *Id.* at 255. In so deciding, the BIA wrought a sea change in its understanding of the proper approach to this area of immigration law.

Therefore, we are constrained to grant the petition and remand so that the IJ's ruling can be revisited in light of the principles enunciated in *Velarde–Pacheco*.[1]

Petition GRANTED and REMANDED.

We have already rejected that contention. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Hernandez also attacks the BIA's use of the streamlining regulation. *See* 8 C.F.R. § 1003.1(a)(7) (formerly 8 C.F.R. § 3.1(a)(7)).

